## BROWN v. STATE. (6 Div. 253.)

(Court of Appeals of Alabama. Jan. 15, 1924.)

I. Intoxicating liquors &#9758;236(1) — Evidence held to sustain verdict of guilt.

In prosecution for violation of the prohibition law, evidence *held* to sustain verdict of guilt.

2. Criminal law &#9758;1186(4)—Errors held to result in no injury when evidence practically undisputed.

In view of Code 1907, § 6264, prohibiting reversal because of error when the court is satisfied that no injury resulted, where, in prosecution for violation of the prohibition law, the evidence was practically undisputed, trial court's rulings, if error, *held* without injury.

3. Criminal law &#9758;720(6)—Inference in argument that defendant had dispensed prohibited liquor held permissible under evidence.

In prosecution for violation of the prohibition law, where the evidence was undisputed that officers had found in defendant's possession 11 gallons of corn liquor, and in addition thereto empty cans which smelled of liquor, inference in solicitor's argument that defendant had been dispensing prohibited liquor was permissible.

4. Criminal law &#9758;719(1)—Permitting reference in solicitor's argument to liquor as poison held without error.

In prosecution for violation of the prohibition law, where there was evidence that officers had found a large quantity of corn whisky in defendant's home, reference in solicitor's argument to the liquor as poison was justified, and permitting such argument over defendant's objection was not error.

5. Criminal law &#9758;304(2)—Court presumed to know corn liquor regarded as deleterious.

Courts are presumed to know that which is generally known, such as that corn liquor is regarded by an appreciable percentage of the people as being exceedingly deleterious, noxious, pernicious, hurtful, and destructive.

6. Criminal law &#9758;304(2)—Court presumed to know differences of opinion as to effects of Eighteenth Amendment.

The courts are presumed to know that there is a difference of opinion as to the resulting effects of Const. U. S. Amend. 18.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Will Brown was convicted of a violation of the prohibition law and appeals. Affirmed.

Palmer H. Bell, of Birmingham, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

Counsel discuss the questions raised, but without citation of authorities.

BRICKEN, P. J. [1] The testimony in this case shows without dispute that two deputy sheriffs, armed with a search warrant, found a large quantity of corn whisky in the home of this appellant They also found numerous one-gallon and several 5-gallon containers which "smelled like liquor." After a full and proper predicate had been laid the state's witnessess were permitted to.

---

testify that the defendant. who was at home at the time of the search, "said the liquor was his." The evidence as a whole was without material conflict, and was ample upon which to predicate the verdict of the jury and the judgment of the court pronounced thereon.

[2] Several rulings of the court upon the trial of this case are complained of as being error. Each of these rulings has been examined, and, in view of the practically undisputed testimony in this case, we are convinced, even if there was error in any of them, no injury resulted therefrom to the defendant. Code 1907, § 6264. Lide v. State, 133 Ala. 43, 63, 31 South. 953.

[3] As to the argument of the solicitor, to which objection was interposed, we are of the opinion that the statements made in this connection were within the range of legitimate argument. It was within the province of the solicitor to discuss inferences that might be drawn from the evidence, and to state such inference; for the rule is that "every inference counsel may think arises out of the 'testimony" is a "legitimate subject of criticism and discussion." Cross v. State, 68 Ala. 476. Of course, the court must not allow counsel to constitute themselves unsworn witnesses, and permit them, in argument, to state as facts matters of which there is no testimony. But here the argument complained of does not come within this inhibition. That "the defendant has been dispensing prohibited liquor" was an inference permissible from the undisputed testimony of the officers having found in defendant's possession 11 gallons of corn liquor, and, in addition thereto, ·11 one-gallon empty cans and 9 or 10 5-gallon empty cans, all of which smelled like liquor.

[4-6] It is possible that the insistent objection urged by defendant to the argument of the solicitor was based upon the fact that the solicitor designated the corn liquor in question as "poison," and it may be that this imputation or aspersion as to the quality of the liquor added to the extent of appellant's disapproval of the argument. The term "poison" is the subject of numerous definitions. (1) "Any agent which, introduced into the animal organism, may produce a morbid, noxious, or deadly effect." Webster's New Int. Dictionary. (2) Poison means a "substance taken internally," which is "injurious to health and often fatal to life." Bacon v. U. S. Mut. Acc. Assn., 44 Hun, 599, 602 (3). "Any substance which," when introduced into the animal organism, "seriously disturbs or destroys the vital functions." State v. Baldwin, 36 Kan. 1, 12 Pac. 318. These and other definitions of "poison" which might be enumerated, we think render unavailing the point raised by defendant in this connection. Moreover, courts are presumed to know that which is general-ly known, and it does not require unusual investigation or research, in the present era, to ascertain the fact that corn liquor·is regarded by an appreciable percentage of the population of this vast domain as being exceedingly deleterious, noxious, pernicious, hurtful and destructive. We are also presumed to know that there is a difference of opinion on this and other multitudinous subjects pertaining to the resultant effects of the Eighteenth Amendment to the federal Constitution. And of course there are different grades of corn liquor, we presume; but the law knows no distinction nor does it recognize the difference between the good (if such there be) and the bad and the noxious sort; hence we are not in a position to offer balm to appellant by putting the trial court to error for permitting the solicitor in his argument to cast reflection upon the grade of corn liquor admitted by defendant to be in his possession in large quantities.

The record proper, upon examination, is found to be free from error.

The judgment of conviction appealed from will stand affirmed.

Affirmed.